**WINSTON & STRAWN LLP**
333 Grand Avenue
38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue
Roseland, NJ 07068-3701
Tel.: (973) 535-1600
Fax: (973) 535-1698

Attorneys for Defendant MedQuist Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISHNA REDDY,<br><br>    Plaintiff,<br><br>v.<br><br>MEDQUIST INC., et al.,<br><br>    Defendants. | Civil No. 06-cv-4410 (RBK)(AMD)<br><br>Honorable Robert B. Kugler,<br>U.S.D.J.<br><br>Honorable Ann Marie Donio,<br>U.S.M.J.<br><br>**PROTECTIVE ORDER UNDER HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT AS AUTHORIZED BY 45 C.F.R. § 164.512(e)** |

**THIS MATTER** having been brought before the Court upon the motion of Defendant MedQuist Inc. ("MedQuist"), by and through its counsel, Greenbaum, Rowe, Smith & Davis LLP and Winston & Strawn LLP, for entry of a protective order under the Health Insurance Portability and Accountability Act; and the Court

985570.01

having considered the submissions of all parties; and for good cause having been shown;

**IT IS** on this _15th_ day of _AUGUST_, 2008, **ORDERED** as follows:

1. Without regard to whether any party to this action is a "covered entity" under 45 C.F.R. § 160.102, the parties believe that discovery and document production in this action will likely involve Protected Health Information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and/or the regulations promulgated under it, including but not limited to 45 C.F.R. § 160.103 ("Protected Health Information").

2. HIPAA permits the disclosure of Protected Health Information "in the course of any judicial or administrative proceeding" either "[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order," 45 C.F.R. § 164.512(e)(1)(i), or, if certain circumstances are met, "[i]n response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal," 45 C.F.R. § 164.512(e)(1)(ii).

3. ~~Under 45 C.F.R. § 164.512(e)(1)(iv)(A), the parties have agreed to this qualified~~ This protective order ~~to~~ shall govern the use _Ann_

2

985570.01

and disclosure of Protected Health Information in this proceeding (the "Order").

4. This Order shall govern the production, use, conduct, and handling of documents, things, depositions, deposition transcripts and recordings, deposition exhibits, interrogatory responses, affidavits, responses to requests for admissions, electronically stored information, and other material related to the subject matter or documents (collectively, the "Material") produced by or obtained from any party or non-party (the "Producing Person") in the above-captioned litigation (the "Litigation"), that may be or contain Protected Health Information.

5. Any Material containing Protected Health Information, shall be used solely for the purpose of the proceedings in this Litigation, and any hearings or appeals in this action. The Parties shall maintain and protect Material constituting or containing Protected Health Information to prevent dissemination, disclosure, or use thereof, except as provided by this Order. All notes, memoranda, calculations, or other writings or recordings that contain, include or reveal Protected Health Information be confidential, secret, and shall be subject to the terms and conditions of this Order.

6. When using Material constituting or containing Protected Health Information in submissions to the public court

3

985570.01

file or in public hearings or proceedings, the parties shall comply with applicable laws and court rules, if any, governing the use of private information (such as names, addresses, Social Security numbers, and bank account information) in legal proceedings. Specifically, when filing with the Court any Material containing Protected Health Information, the Filing Party (a) shall redact all Protected Health Information, or (b) shall seek an order under Local Rules 5.3(c) and 7.1 permitting the Material to be filed under seal and shall file the Material under seal.

7. Material constituting or containing Protected Health Information shall be produced to and used solely by:

a. the parties, including all officers, directors, or employees of a party (former or current) assisting in the prosecution or defense of this Litigation;

b. counsel retained specifically for this Litigation, including any paralegal, clerical, and other assistants employed by such counsel in this Litigation;

c. the author, addressee, and any other person indicated on the face of the document as having received a copy;

d. stenographers engaged to transcribe depositions or hearings conducted in this Litigation;

4

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Litigation;

f. any in-house counsel of the parties assisting in the prosecution or defense of this Litigation;

g. the Court and Court staff and administrative personnel; and

h. any deposition or trial witnesses or persons who are or may be deposition or trial witnesses.

8. Each person to whom Material (or the contents thereof) constituting or containing Protected Health Information is to be disclosed pursuant to paragraphs 7(e) and (h) above (except to the extent such person is also covered by paragraphs 7(a) or 7(b)) shall, before being shown the material, agree in advance:

a. that he or she has read a copy of this Order and agrees to be bound by it;

b. that he or she will not disclose Protected Health Information to any person not entitled to it under law under this Order;

c. that he or she will not use Material constituted or containing Protected Health Information except in connection with this Litigation.

9. Such agreement shall be manifested by the signature of each such person on a copy of Appendix A attached hereto, which

5

985570.01

shall be maintained by the attorney for the party who has disclosed the Material constituting or containing Protected Health Information.

10. This Order shall not be construed to prevent any party from making copies of any Material constituting Protected Health Information hereby disclosed, but all such copies shall be subject to the provisions of this Order.

11. Entering into, agreeing to and/or producing or receiving Material or otherwise complying with the terms of this Order shall not:

   a. prejudice or affect in any way the rights of any party to object to any discovery request or oppose the production of any information, whether or not confidential, upon any proper grounds;

   b. relieve a party from producing documents or from making timely responses or objections to discovery requests;

   c. prejudice in any way the rights of a party to seek the court's determination of whether particular evidentiary materials should be produced;

   d. prejudice, affect, or apply to statutory or common law privileges, all of which are preserved and may be asserted by any party irrespective of the provisions of this Order; or

   e. prejudice or affect in any way the rights of any party to this proceeding to object upon any ground to the admission

of any document or thing into evidence at the time of the hearing or trial.

12. This Order shall not apply to a Producing Person's use or disclosure of its own Material in the normal course of business. Such use or disclosure shall not affect anyone's obligations to maintain the privacy of Material pursuant to this Order. In addition, nothing in this Order shall limit any party's use or disclosure of Protected Health Information that is permitted or authorized under any other provision of 45 C.F.R. Part 164.

13. This Order shall survive the termination of this action and continue in full force and effect. Within sixty (60) days after the final conclusion of all proceedings in this matter by final judgment not subject to appeal or by settlement, all Material constituting or containing Protected Health Information, and copies thereof, shall be returned to counsel for the Producing Person. ~~or such Material shall be certified to have been destroyed~~. In addition, counsel for each undersigned party may retain one complete set of deposition transcripts and court filings in this action.

_____
HON. ANN MARIE DONIO, U.S.M.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISHNA REDDY,<br><br>            Plaintiff,<br><br>v.<br><br>MEDQUIST INC., et al.,<br><br>           Defendants. | Civil No. 06-cv-4410 (RBK)(AMD)<br><br>Honorable Robert B. Kugler,<br>U.S.D.J.<br><br>Honorable Ann Marie Donio,<br>U.S.M.J.<br><br>**APPENDIX A TO PROTECTIVE ORDER BY CONSENT UNDER HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT AS AUTHORIZED BY 45 C.F.R. § 164.512(e)** |

I, _____, hereby agree that: (a) I have read a copy of this Order and agree to be bound thereby; (b) I will not disclose to any person not entitled to it under the terms of this Order any Protected Health Information I learn in the course of the action, and (c) I will not use Material (or the contents thereof) constituting or containing Protected Health Information except in connection with this Litigation.

_____  _____
(sign and print name)                                              Date

8

985570.01