NOT FOR PUBLICATION (Docket No. 61, 63, 69)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
:
KRISHNA REDDY, :
:
      Plaintiff, :
:
      v. : Civil No. 06-4410 (RBK)
: **OPINION**
MEDQUIST, INC., et al., :
:
      Defendants. :
_____:

**KUGLER**, United States District Judge:

    Before the Court are four motions: (1) a motion by Defendant Medquist, Inc. ("Medquist") for summary judgment on the claims against it in the Complaint of Plaintiff Krishna Reddy ("Plaintiff"); (2) a cross-motion by Plaintiff for summary judgment on her Complaint; (3) Plaintiff's motion requesting an order to enter default; and (4) Plaintiff's motion for an entry of default judgment. For the reasons expressed below, the Court will grant Defendant's motion, deny Plaintiff's cross-motion for summary judgment, deny Plaintiff's motion for entry of default, and dismiss as moot Plaintiff's motion for entry of default judgment.

**I.   BACKGROUND**[1]

    In an August 1, 2007 Order, this Court granted MedQuist's motion to dismiss all claims

---

[1] Because the parties are by now familiar with the factual history of this litigation, the background will not be set forth at length except as helpful for disposition of the instant motions. The Court hereby incorporates the statements of facts set forth in its prior opinion.

1

against it except Plaintiff's breach of contract claim, which appears to be grounded on both breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff's Complaint states, with respect to her breach of contract claim, that the transcription lines MedQuist required of her increased in length, meaning she produced fewer total lines in her transcriptions. Because companies pay medical transcriptionists ("MTs") based on the number of lines transcribed, Plaintiff claims that her pay decreased by 25-50% as a result of the line length change. MedQuist now moves for summary judgment on that lone remaining claim against it. Plaintiff cross-moves for summary judgment on the same.

In its August 1, 2007 Opinion, the Court stated that all claims against all other Defendants in the matter remained. Plaintiff two additional pending motions refer to the remaining claims against Defendants Royal Philips Electronics of the Netherlands ("Philips"); Kathy Pinkstaff; April Porter; Mayra Figueras; Russell Dunn; Steven E. Allen; Judy Compagno; Jason Gerster; John W. Quaintance; John M. Suender; Ethan H. Cohen; and Stephen H. Rusckowski.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence

of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).

### B. ANALYSIS

#### 1. Defendant's Motion for Summary Judgment

MedQuist argues that it is entitled to summary judgment on Plaintiff's breach of contract claim because Plaintiff has failed to present evidence that MedQuist breached Plaintiff's contract

3

nor that Plaintiff has suffered any damages. Plaintiff does not directly respond to MedQuist's allegation.

To state a valid breach of contract claim, Plaintiff must establish that (1) a valid contract existed between the Plaintiff and MedQuist, (2) MedQuist breached the contract, (3) Plaintiff performed her obligations under the contract, and (4) Plaintiff incurred damages as a result of the breach. See Nat'l Util. Serv., Inc. v. Chesapeake Corp., 45 F. Supp. 2d 438, 448 (D.N.J. 1999). MedQuist contends that Plaintiff has failed to present evidence to meet her burden as to the second and fourth elements of her claim. MedQuist argues that Plaintiff's only argument regarding breach, her contention that MedQuist did not calculate her pay in the same manner that MedQuist billed its clients, is not supported by any evidence in the record. Moreover, MedQuist asserts that there is no genuine issue as to breach of contract on that basis because Plaintiff's contract, which MedQuist presents as evidence, did not incorporate the billing terms of MedQuist's client contracts.

The relevant issue then is whether Plaintiff has presented specific facts establishing all of the elements of her claim of breach of contract and showing that there is a genuine issue for trial. Plaintiff has failed to meet her burden. The parties agree that a contract existed between them. In her opposition to MedQuist's motion, Plaintiff points to newly obtained evidence - her contract with MedQuist - to show that she had contracted a rate of pay of ninety cents per character, although the parties previously had agreed that she had been contracted and paid at nine cents per line. Although Plaintiff may have an argument for breach of contract with respect to this newly discovered evidence, the Court will not consider it here, as that particular allegation of breach of contract was not included in Plaintiff's Complaint in this matter. The Court finds

that Plaintiff has offered no evidence to support the breach of contract claim in her Complaint, that her line counts were manipulated so that she was paid less than if her line counts were calculated according to the standard procedure.

MedQuist further argues in its motion that Plaintiff has no evidence of her alleged damages: the number of lines for which she was paid; the number of lines for which she claims she should have been, but was not paid; nor of the amount of damage she actually suffered due to the alleged breach. Although Plaintiff was not required to attach evidence of such facts to her Complaint, see In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005), she was obliged to present evidence to support her claim in order to survive a motion for summary judgment. Plaintiff has presented no specific evidence of damages.

MedQuist also contends that Plaintiff has provided no evidence demonstrating that it breached the implied covenant of good faith and fair dealing. Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. See, e.g., Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997). Proof of a party's "bad motive" or "intention" must support a claim of breach of contract grounded on an alleged breach of the implied covenant of good faith and fair dealing. Wilson v. Amerada Hess Corp., 773 A.2d 1121 (N.J. 2001)). Plaintiff has presented no such evidence in this case, but only relies on the testimony of Edward Brooks, in another matter involving MedQuist as a defendant, to support her contention. Mr. Brooks' testimony is not evidence of the alleged breach of the implied covenant between Plaintiff and MedQuist, and thus is not sufficient to support Plaintiff's allegation.

The Court, finding that Plaintiff has failed to meet her burden make a showing sufficient

to establish the existence of every element essential to her case and on which she would bear the burden of proof at trial, will grant MedQuist's motion for summary judgment on Plaintiff's breach of contract claim.

### 3. Plaintiff's Cross-Motion for Summary Judgment

Plaintiff makes a cross-motion for summary judgment against MedQuist but does not make any argument to support her motion, merely directing the Court to grant judgment in her favor given the evidence presented by MedQuist. Because the Court has determined that summary judgment in favor of MedQuist is appropriate, the Court need not consider Plaintiff's cross-motion and will accordingly deny it.

### 4. Plaintiff's Motion for Entry of Default and Default Judgment

Plaintiff has made a motion for the Court to enter an Order of Default as to all named Defendants other than MedQuist, specifically Royal Philips Electronics of the Netherlands ("Philips"); Kathy Pinkstaff; April Porter; Mayra Figueras; Russell Dunn; Steven E. Allen; Judy Compagno; Jason Gerster; John W. Quaintance; John M. Suender; Ethan H. Cohen; and Stephen H. Rusckowski. The Court will consider Plaintiff's motion as she has styled it, a motion requesting that this Court order the clerk to enter default as to the above-named Defendants in this matter. The Court finds no evidence of proper service of the Complaint in this matter on those Defendants. Accordingly, the Court will deny Plaintiff's motion given Plaintiff's own failure to comply with Federal Rule of Civil Procedure 4(c)(1), which requires Plaintiff to serve the summons and a copy of the Complaint on the defendant(s). Plaintiff has also made a motion requesting that this Court enter default judgment against the above-named Defendants. Under Federal Rule of Civil Procedure 55(a), default may be entered by the clerk. Under Rule 55(b),

default judgment may be entered by the clerk or by the Court once default has been entered against a party. As default has not been entered in this case as to any Defendant, the Court will dismiss as moot Plaintiff's motion for entry of default judgment as to Royal Philips Electronics of the Netherlands ("Philips"); Kathy Pinkstaff; April Porter; Mayra Figueras; Russell Dunn; Steven E. Allen; Judy Compagno; Jason Gerster; John W. Quaintance; John M. Suender; Ethan H. Cohen; and Stephen H. Rusckowski.

### 5. The Remaining Defendants

The Court may sua sponte raise the issue of improper service of process. See Fed.R.Civ.P. 4(m); Pusey v. Dallas Corp., 938 F.2d 498, 501 (4th Cir. 1991). Because there is no evidence of proper service on any of the Defendants on the record except MedQuist, the Court will issue an Order directing Plaintiff to submit proof of proper service as to Royal Philips Electronics of the Netherlands ("Philips"); Kathy Pinkstaff; April Porter; Mayra Figueras; Russell Dunn; Steven E. Allen; Judy Compagno; Jason Gerster; John W. Quaintance; John M. Suender; Ethan H. Cohen; and Stephen H. Rusckowski, under pain of dismissal.

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** MedQuist's motion for summary judgment, **DENY** Plaintiff's cross-motion for summary judgment, **DENY** Plaintiff's motion for entry of default, and **DISMISS AS MOOT** Plaintiff's motion for entry of default judgment. Further, the Court will order Plaintiff to submit proof of proper service as to all remaining Defendants in this matter by **February 13, 2009**, under pain of dismissal. The accompanying Order shall issue today.

Dated: 1-29-09                                /s/ Robert B. Kugler
                                                                                       ROBERT B. KUGLER
                                                                                       United States District Judge