NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| KRISHNA REDDY, : | |
| Plaintiff, : | |
| v. : | Civil No. 06-4410 (RBK/AMD) |
| : | **OPINION** |
| MEDQUIST, INC., et al., : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Court's own motion for reconsideration of its February 18, 2009 Order in this case and after Plaintiff Krishna Reddy's ("Plaintiff") response to the Court's prior Order directing Plaintiff to submit proof of proper service on Defendants Royal Philips Electronics of the Netherlands ("Philips"); Kathy Pinkstaff; April Porter; Mayra Figueras; Russell Dunn; Steven E. Allen; Judy Compagno; Jason Gerster; John W. Quaintance; John M. Suender; Ethan H. Cohen; and Stephen H. Rusckowski. The Court finds that Plaintiff's timely submission in response to the Court's January 29, 2009 Order does not show that she has properly served the above-named Defendants, so the Court will not alter its February 18, 2009 Order.

**I.    BACKGROUND**[1]

---

[1] The parties are familiar with the factual history in this case. The resolution of the procedural issues which remain does not require a recounting of those facts. The Court hereby incorporates the statements of facts set forth in its prior Opinions in this matter.

On January 29, 2009, this Court granted a motion for summary judgment in favor of Defendant MedQuist, Inc. ("MedQuist").  The Court finding a lack of evidence of proper service of process on the remaining Defendants, also ordered that Plaintiff to submit proof of proper service as to Defendants Royal Philips Electronics of the Netherlands ("Philips"); Kathy Pinkstaff; April Porter; Mayra Figueras; Russell Dunn; Steven E. Allen; Judy Compagno; Jason Gerster; John W. Quaintance; John M. Suender; Ethan H. Cohen; and Stephen H. Rusckowski on or before February 13, 2009, under pain of dismissal of all claims against those Defendants.

Plaintiff filed a brief with the Court on February 13, 2009 detailing her attempts to serve the remaining Defendants.[2]  The brief represents that the defendants were served in the following manner:

1. Philips:  According to Plaintiff, she served process via two facsimiles sent to MedQuist's headquarters in New Jersey.  She sent one facsimile to Philips "c/o MedQuist," and the second addressed to Philips in care of Howard Hoffman, CEO of MedQuist, and the Director of Human Resources of MedQuist.  Plaintiff also alleges that she served process via certified mail to Philips "c/o MedQuist" at MedQuist's New Jersey address.  Finally, Plaintiff alleges that she served process via certified mail to Philips's agent designated for receipt of process in California, the Corporate Service Company.  According to a letter sent to Plaintiff by an attorney for MedQuist, and sent after Plaintiff's letter to the

---

[2] The Court dismissed all claims against the remaining Defendants in an Order dated February 18, 2009.  Soon thereafter, the Court learned that a clerical error belied the Court's understanding that Plaintiff had failed to submit proof of service in accordance with the Court's January 29, 2009 Order.  Accordingly, the Court sent a letter to counsel alerting all parties of the possibility of an error.  This Opinion considers Plaintiff's submission on February 13, 2009, as it was timely filed.

    Corporate Service Company was received, the Corporate Service Company is MedQuist's agent for receipt of process, but not Philips's. Brief of Petitioner-Appellant at I-43, <u>Reddy v. MedQuist, Inc.</u>, Civ. No. Civ. No. 1:06-04410 (D.N.J. Feb. 13, 2008).

2. Individual Defendants except for Stephen H. Rusckowski: Plaintiff served process by sending a facsimile to Howard Hoffman, CEO of MedQuist and the Director of Human Resources at MedQuist in New Jersey. Plaintiff also sent, via certified mail, a copy of the summons and Complaint to the other individual Defendants. She sent the certified mail to their place of business in New Jersey, with all copies to all Defendants inside one large envelope addressed to Howard Hoffman and the Director of Human Resources at MedQuist in New Jersey. Plaintiff states she did not attempt personal service on the individual Defendants because they worked for MedQuist remotely, out of their own homes.

3. Individual Defendant Stephen H. Rusckowski: Plaintiff served Rusckowski in a slightly different manner than the other individual Defendants. Like the other individual Defendants, Plaintiff sent a facsimile to Howard Hoffman and the Director of Human Resources at MedQuist. However, Plaintiff also sent Rusckowski a facsimile in his own name at the New Jersey headquarters for MedQuist. Plaintiff also sent, via certified mail, a copy of the summons and Complaint addressed to Mr. Rusckowski at MedQuist in New Jersey.

    Plaintiff argues that she properly served process. She represents that when a MedQuist attorney sent her a letter advising her that MedQuist received the letter she sent to the Corporate Service Company addressed to Philips, MedQuist provided a "written admission" of receipt of

3

process on all the individual Defendants and Philips. Plaintiff does not address that the letter from MedQuist's attorney advised Plaintiff that MedQuist did not believe service was proper. Plaintiff argues that under California's Code of Civil Procedure Section 417.10(d) such a written admission is sufficient to prove the validity of service. Plaintiff contends that because the website for Philips's counsel states that they assist MedQuist in defending lawsuits and MedQuist's attorney provided a letter confirming receipt of Plaintiff's letter, Philips must have knowledge of the instant action.

Plaintiff also points to the language of this Court's January 29, 2009 Order as evidence that service on the other defendants was valid. Plaintiff notes that the Court's Order stated, "there is no evidence of proper service on any of the defendants on the record except MedQuist." Plaintiff argues that the individual Defendants and Philips were served in exactly the same manner as MedQuist, whose service of process this Court deemed valid. Plaintiff also argues that service of process was valid because MedQuist accepted all letters sent to it via certified mail.

## II.     ANALYSIS

Courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure. See Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996); Eastman Kodak Co. v. Studiengesellschaft Kohle mbH, 392 F.Supp. 1152, 1154 (D. Del.1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it."). Where there is a question as to the validity of service, the burden of proof of service lies on "the party asserting the validity of service." Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir.1993).

Plaintiff claims that all of the remaining Defendants waived a defense of insufficient of service of process because of a delay in raising an objection to its sufficiency, and claims this Court lacks the power to raise the issue sua sponte. The Court may sua sponte raise the issue of improper service of process. Fed. R. Civ. P. 4(m); Pusey v. Dallas Corp., 938 F.2d 498, 500-01 (4th Cir. 1991). A waiver of the defense of insufficient service of process may be enough to deprive the Court of its sua sponte dismissal power. Pusey, 938 F.2d at 501. However, this case does not raise that question, as the remaining Defendants have either not answered or otherwise appeared in this matter, or have only appeared for the purpose of contesting the issue of sufficiency of service.

### A. Service on Individual Defendants

Federal Rule of Civil Procedure 4(e) provides a number of ways that service of process may be made on individuals. Service of process may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," by delivering service personally, by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering service to an agent authorized by appointment or by law. Fed. R. Civ. P. 4(e).

#### 1. Service of process via facsimile

Plaintiff's attempt to serve process via facsimile on Howard Hoffman, CEO at MedQuist and the Director of Human Resources at MedQuist in New Jersey is improper under Federal Rule of Civil Procedure 4(e). Rule 4(e) does not authorize service via facsimile, nor does the New Jersey Rule for service of process nor the District of New Jersey's local rules. Fed. R. Civ. P.

5

4(e), N.J. Ct. R. 4:4-4, D.N.J., "Electronic Case Filing Policies and Procedures."

In addition, jurisdictions addressing the question of service by facsimile generally uphold service of process via facsimile only in situations involving extenuating circumstances, which are not present in the instant case. Extenuating circumstances include consent of the other party or a physical difficulty in delivering service, as to an overseas defendant, a defendant with no physical address, or a defendant who evaded other forms of service. See, e.g., Doctor's Associates v. Dillender, No. 303CV626PCD, 2003 WL 22290309 (D. Conn. Aug. 4, 2003); Ryan v. Brunwsick Corp., No. 02-CV-0133E(F), 2002 WL 1628933 (W.D.N.Y. May 31, 2002); Philip Morris USA Inc. V. Veles Ltd., No. 06 CV 2988(GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007); In re International Telemedia Associates, Inc., 245 B.R. 713 (Bankr. N.D. Ga. 2000).

In this district, one court has upheld service by facsimile where a party served a motion, not a complaint, by facsimile. In re Cirkinyan, 192 B.R. 643, 648 (D.N.J.1996). In that case, the plaintiff faxed opposing counsel a copy of a motion, and due to certain factual circumstances, the court deemed service proper. Id. Opposing counsel acknowledged receipt of the fax, then requested that plaintiff refax certain pages that were illegible. Id. The court noted that "under Fed.R.Civ.P. 5(b), service by mail is complete upon mailing and [h]ad creditor's counsel mailed to debtor's counsel a copy of the moving papers that evening rather than faxed them, service would have been timely." Id. The court found it "absurd" "[t]o deem service improper when complete, legible papers were actually received, but proper when they were mailed but received after the limitations date . . ." Id. The Cirkinyan court also explained that the opposing counsel's request that several pages be refaxed constituted voluntary consent to service by facsimile. Id. Because Cirkinyan involved service of a motion, not service of process, and because in the

6

instant action there is nothing that could constitute voluntary consent to service via facsimile by the individual Defendants, Cirkinyan is not particularly relevant to the instant action.

### 2. Service of Process via Certified Mail

The second method Plaintiff used, mailing process to the individual Defendants at their place of employment, is also invalid. Plaintiff argues that the individual defendants were properly served pursuant to state law under California's Code of Civil Procedure Section 415.20 and 415.40. However, Federal Rule of Civil Procedure 4(e)(1) specifies that the state law to be followed is the state where the district court is located or where service is made, both of which in this case are New Jersey. New Jersey law, not California law, governs service via mailing in the instant action. Fed. R. Civ. P. 4(e)

New Jersey law provides for service of process by certified mail under two statutory provisions. First, pursuant to Rule 4:4-3, New Jersey allows service of process by certified mail when personal service cannot be effected after a reasonable and good faith attempt. N.J. Ct. R. 4:4-3. Because Plaintiff made no attempt to personally serve process, this provision is inapplicable.

Next, Rule 4:4-4(c) provides for service by certified mail in lieu of personal service. N.J. Ct. R. 4:4-4(c). However, under Rule 4:4-4(c) service via certified mail is only effective if the defendant appears in response, and if the defendant does not appear within sixty days service must be made via a method provided in R. 4:4-4(a)(1). Id. Because the remaining Defendants in this action did not appear nor answer the Complaint, pursuant to Rule 4:4-4(c) Plaintiff was required to properly serve pursuant to Rule 4:4-4(a)(1).

New Jersey Rule 4:4-4(a)(1) authorizes methods of service of process mirroring those

allowed under Federal Rule 4(e), including "delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf . . . ." N.J. Ct. R. 4:4-4(a)(1). Analysis of each of these methods of service shows that Plaintiff's service was invalid under New Jersey Rule 4:4-4(a)(1).

### a. Personal Service

Plaintiff did not attempt to make personal service and does not contend that personal service was made. She admits that she did not attempt to serve the individual defendants personally because they work from their homes.

### b. Leaving a Copy at the Dwelling Place or Abode

Plaintiff's service of process on the CEO and Director of Human Resources of the individual Defendants' corporate employer does not qualify as delivery of service to a place of abode. The weight of persuasive authority, including authority from this jurisdiction, concludes that delivering service to an employer's office is not delivery to an individual's dwelling place. 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096, at 522 (3d ed. 2002). For example, in Gipson v. Bass River Township, 27 Fed. R. Serv. 2d 307 (D.N.J. 1979), the plaintiff served process on the defendants, members of the town council, by leaving copies with a clerk of the township. Considering whether service was proper, Judge Gerry observed that "[c]learly, leaving process at defendants' place of employment does not qualify under the dwelling house or place of abode method." Id. In a later New Jersey case, Guyette v.

8

Stauffer Chemical Co., 518 F.Supp. 521, 527 (D.N.J. 1981), the court quashed service of process on individual defendants that was left with an office manager. The Guyette court cited Gipson and provided no further explanation for its decision. Id.

### c.  Delivery to an Agent

Howard Hoffman and the Director of Human Resources are not eligible agents to receive process on behalf of the individual defendants. Two types of agents are eligible to receive process: those authorized by appointment and those authorized by law. Local 617, Int'l Bhd. Of Teamsters, Chauffers, Warehousmen & Helpers of America v. Hudson Bergen Trucking Co., 440 A.2d 18, 19-20 (N.J. Super. Ct. App. Div. 1981) (citing James William Moore, Moore's Federal Practice § 4-186 to § 4-188 (2d ed. 1979)). "'By law' . . . is interpreted to mean that the agent must be authorized by a statute." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096, at 545 (3d ed. 2002). Plaintiff provided no statutory support for the position that individuals appoint their employers as their agents for receipt of service of process.

In the alternative, an agent may be appointed for receipt of service of process. Local 617, 440 A.2d at 19-20 (citing James William Moore, Moore's Federal Practice § 4-186 to § 4-188 (2d ed. 1979)); see also 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096, at 537 (3d ed. 2002) (appointment "must either be express or implied from the type of relationship that has been established between the defendant and the alleged agent.") However, "in the absence of an express agreement between the agent and principal or in the absence of circumstances which clearly show that such an agreement was intended by the parties, authorization to accept service of process on behalf of a corporation or an individual would not be deemed to exist." Local 617, 440 A.2d at 20. In the instant action, there are no facts to

suggest any agency relationship for receipt of process existed.  Further, Plaintiff does not assert that either Howard Hoffman, the Director of Human Resources, or MedQuist are agents of the individual Defendants.

In a case in this district where the court upheld service of process when it was mailed to an employer, the court's opinion turned on facts with important differences from those relevant to the instant action.  <u>James v. City of Jersey City</u>, 44 Fed. R. Serv. 3d 1184 (D.N.J. 1999).  In <u>James</u>, the plaintiff mailed process to the defendant's employer, who forwarded the summons and Complaint to the defendant, who gave the summons and Complaint to his attorney.  The attorney asked the court for an extension of time to file an answer, then failed to file the answer, at which point default judgment was entered.  On appeal, the court ruled that the employer was not an agent of the defendant for service of process.  The court found an absence of any law appointing the employer as agent and no evidence to suggest the defendant appointed anyone as his agent for receipt of process.  However, because notice was received, the court said that the error was "purely technical" and due process concerns were satisfied.  In that case, unlike here, the court knew of defendant's receipt of process.  Accordingly, this Court cannot rely on <u>James</u> to deem Plaintiff's service on an agent as proper.

### 3. Plaintiff's Arguments

Contrary to Plaintiff's assertion, persuasive authority suggests that the mere fact that any defendant accepted any of Plaintiff's attempts at service does not affect this analysis.  The New Jersey Superior Court concluded that acceptance of service alone is insufficient to make a person an agent.  <u>Zoning Bd. of Adjustment of Sparta Tp. v. Service Elec. Cable Television of New Jersey, Inc.</u>, 487 A.2d 331, 335 (N.J. Super. Ct. App. Div. 1985).  In that case, service of a

declaratory judgment complaint and a motion for a stay of hearings was mailed with an acknowledgment form to an attorney who represented the defendant corporation in a separate proceeding.  Zoning Bd., 487 A.2d at 334.  The attorney received the summons and Complaint, but after consultation with employees of the defendant corporation, refused to sign the acknowledgment and contacted the plaintiff to advise that he believed service on the defendant corporation was invalid.  Id.  The court ruled that acceptance of the summons and Complaint by the attorney did not make service of process sufficient.  Zoning Bd., 487 A.2d at 335.  The court explained that the defendant corporation had not given express authority to accept service, the attorney made no representation he was authorized to accept service, and the attorney advised the plaintiff that proper service was not made.  Id.  That MedQuist received Plaintiff's communications, which Plaintiff meant to effect service, and did not return them as undeliverable does not make service sufficient under the Rules.

Plaintiff's argument that service on the individual defendants was valid because they were served in the same manner as MedQuist is also mistaken.  Plaintiff does not provide any case law to support this theory.  Further, such an interpretation conflicts with the clear language of the Federal Rules of Civil Procedure, which require separate delivery for each defendant.  Fed. R. Civ. P. 4(e).

      **B.**    **Service on Philips**

Federal Rule of Civil Procedure Rule 4(h)(1) governs service of process on domestic and foreign corporations, when the corporation is served in the United States.  Rule 4(h)(1)(A) authorizes service of process pursuant to state law of the state where the district court is located or where service is made, and Rule 4(h)(1)(B) authorizes service of process on a corporation "by

11

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. . . ." Fed. R. Civ. P. 4(h)(1). Service on Philips was made in New Jersey via facsimile and certified mail and in California via certified mail.

### 1.     Service under New Jersey Law

New Jersey law allows service of process on "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." N.J. Ct. R. 4:4-4. New Jersey law goes further than Rule 4(h)(1)(B). It provides that "[i]f service cannot be made on any of these persons," service of process may be made "on a person at the principal place of business of the corporation in this State in charge thereof," and "[i]f there is no principal place of business with New Jersey," service may be made "on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law . . . ." N.J. Ct. R. 4:4-4(a)(6).

Plaintiff improperly served Philips in New Jersey. Plaintiff's attempts to serve process in New Jersey were limited to faxing a copy of the summons and Complaint to MedQuist and faxing a second copy to Howard Hoffman, and mailing a copy of the summons and Complaint to MedQuist. Faxing a copy of the summons and Complaint to MedQuist is not valid service of process for multiple reasons. First, faxing is an invalid method of service of process in New Jersey, as discussed above. Second, faxing a copy of the summons and Complaint to MedQuist

does not comply with New Jersey Rule 4:4-4, which requires that the summons and Complaint be sent to an individual, not addressed to the corporation in general.  Third, MedQuist is a separate entity from Philips.  In New Jersey, service of process on a domestic subsidiary of a foreign corporation does not satisfy service on the foreign corporation.  Gapanovich v. Komori Corp., 605 A.2d 1120, 1123 (N.J. Super. Ct. App. Div. 1992) (finding service of process on wholly owned but independent subsidiary of foreign corporation was insufficient under New Jersey law).  In the instant action, Plaintiff has failed to show that MedQuist was a subsidiary of Philips at the time of service.  Furthermore, she provides MedQuist's counsel's letter to her which states that MedQuist and Philips are separate entities.  If service on the wholly owned subsidiary in Gapanovich was insufficient, service here also must be insufficient.

     For similar reasons, service by facsimile on Howard Hoffman is invalid.  Again, service by facsimile is not a valid method of service in New Jersey.  Howard Hoffman and the Director of Human Resources at MedQuist are not an officers of Philips, but officers of MedQuist, a separate entity.  As a result, service on Howard Hoffman and the Director of Human Resources on behalf of Philips is not proper under New Jersey law.

     Mailing a copy of the summons and Complaint to MedQuist was not valid service of process.  As discussed above, in New Jersey service of process on a domestic subsidiary of a foreign corporation does not satisfy service on the foreign corporation.  Gapanovich, 605 A.2d at 1123.  Further, as discussed in the previous section, Rules 4:4-3 and 4:4-4, the statutory provisions that provide for service of process by certified mail in New Jersey, are inapplicable.  Rule 4:4-3 allows service of process when personal service cannot be effected after a reasonable and good faith attempt.  N.J. Ct. R. 4:4-3.  No attempt was made to personally serve process on

Philips. Service via certified mail under Rule 4:4-4(c) is effective only if the defendant appears in response, and if the defendant does not appear within sixty days service must be made via a method provided in R. 4:4-4(a)(1). Because Philips failed to appear within sixty days, Plaintiff was required to properly serve pursuant to Rule 4:4-4(a)(1).

### 2. Service Under Federal Rule of Civil Procedure 4(h)(1)(B)

Service was also invalid under Federal Rule of Civil Procedure 4(h)(1)(B) for on the same reasons it was invalid under New Jersey law. The Federal Rules, as previously discussed, do not authorize service via facsimile. Rule 4 only allows service on an officer or agent of a corporation. Neither Howard Hoffman nor the Director of Human Resources at MedQuist are an officer or agent of Philips. Also, because Rule 4(h)(1)(B) requires that service be made on a person, like New Jersey law, service on MedQuist does not satisfy Rule 4 regarding service on Philips.

### 3. Service under California Law

Plaintiff also attempted to serve Philips in California, where Plaintiff mailed a copy of the summons and Complaint to the Corporate Service Company. California Code of Civil Procedure § 416.10 authorizes service on corporations to be made to a designated agent or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. C.C.P. 416.10. California's Code of Civil Procedure authorizes service by mail under multiple provisions. The first, California Code of Civil Procedure § 415.20, authorizes service by certified mail in lieu of personal service on a corporation under § 416.10 by leaving a copy of

14

the summons and complaint in the individual's office, dwelling house, usual place of abode, usual place of business, or usual mailing address other than a Post Office Box, and then mailing a copy of each to the person to be served at the place where the summons and complaint were left. Cal. C.C.P. § 415.20. The second, California Code of Civil Procedure § 415.30, authorizes service by mail but requires that the recipient be provided specific notice and acknowledgment of receipt forms provided in § 415.30(b). Cal. C.C.P. 415.30. Service of process under this provision is only effective when the acknowledgment of receipt forms are completed and returned. Thierfeldt v. Marin Hospital Dist., 110 Cal. Rptr. 791, 800 (Cal. Ct. App. 1973) ("Code of Civil Procedure section 415.30, effective July 1, 1970, which authorizes service of summons by mail, expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service.") The final method, California Code of Civil Procedure § 415.40, authorizes service on a person outside the state of California by certified mail without requiring notice and acknowledgment of receipt forms. Cal. C.C.P. § 415.20.

 Plaintiff claims to have served process on Philips's agent for service of process, the Corporate Service Company. However, according to counsel for MedQuist, the Corporate Service Company is MedQuist's agent for service of process, not Philips's. Plaintiff repeatedly refers to the Corporate Service Company as Philips's agent for service of process, but Plaintiff provides no evidence of this fact.

 Regardless, Plaintiff's method of service was not valid under any service by mail provision of California law. First, service of process under California Code of Civil Procedure § 415.20 requires that when service is made by mail a plaintiff must first physically leave a copy of the summons and complaint in the office, dwelling house, usual place of abode, usual place of

15

business, or usual mailing address other than a Post Office Box, and then mailing a copy of each to the person to be served at the place where the summons and complaint were left. of the person receiving process. Cal. C.C.P. § 415.20. Plaintiff does not represent that she did so. As a result, service of process was not valid under § 415.20. California Code of Civil Procedure § 415.30 requires that the recipient be provided with specific notice and acknowledgment of receipt forms. Cal. C.C.P. § 415.30. Plaintiff provides no evidence that she included these forms in her service on the Corporate Service Company. Plaintiff also does not include any acknowledgment of receipt forms in her brief to this Court, nor does she suggest that she included such forms when she attempted to serve process. Service of process under § 415.30 is ineffective without an acknowledgment of receipt form. Thierfeldt, 110 Cal. Rptr. at 800. Because the acknowledgment of receipt form is absent, Plaintiff fails to establish that service of process was valid under § 415.30. Finally, California Code of Civil Procedure § 415.40, which provides for service of process by mail, only applies to people outside the state of California. Cal. C.C.P. § 415.40. The Corporate Service Company is located within California. As a result, service of process was ineffective under this provision.

     Plaintiff argues that Royal Philips is deemed to have notice of this action because the web site for Philips's law firm states that the firm works with MedQuist. Plaintiff cites no authority for this proposition, nor does this Court find any supporting authority for such a rule.

     Although Plaintiff notes that the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. §§ 1961 et seq., allows nationwide service of process, she does not contend that the methods of service she attempted were sufficient to meet the standards set forth in RICO. Further, Plaintiff makes no effort to distinguish the conferral of personal jurisdiction

and the technical requirements for proper service. Absent any representations from Plaintiff beyond the bald assertion that the RICO statute supports her position, her argument on the issue is without merit.

### III. CONCLUSION

For the foregoing reasons, the Court is convinced that the remaining Defendants in this matter were not properly served by Plaintiff. As a result, the claims against Defendants Royal Philips Electronics of the Netherlands ("Philips"); Kathy Pinkstaff; April Porter; Mayra Figueras; Russell Dunn; Steven E. Allen; Judy Compagno; Jason Gerster; John W. Quaintance; John M. Suender; Ethan H. Cohen; and Stephen H. Rusckowski remain dismissed. Because the only additional remaining defendants are "DOES 1 through 100," Plaintiff's Complaint will be dismissed in its entirety. See Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998) ("an action cannot be maintained solely against Doe defendants.") An accompanying Order shall issue today.

Dated: 8-4-09  /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge